UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL EUGENE JOHNSON, A.K.A. DARRYL E. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CALIF. CORRECTIONAL HEALTH CARE SERVICES, et al.,<br><br>Defendants. | No.  1:25-cv-00921 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO VERIFY HIS CURRENT AND PAST INMATE IDENTIFICATION NUMBERS<br><br>PLAINTIFF'S VERIFICATIONS DUE IN FOURTEEN DAYS<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY HIS APPLICATION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED, CONSISTENT WITH 28 U.S.C. § 1915(g)<br><br>PLAINTIFF'S SHOWING OF CAUSE OR, IN THE ALTERNATIVE, EITHER:<br><br>(1) PAYMENT OF THE FILING FEE IN FULL, OR<br><br>(2) VOLUNTARY DISMISSAL OF THE MATTER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i) ALSO DUE IN FOURTEEN DAYS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  ECF Nos. 1, 2.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

1

1    For the reasons stated below, Plaintiff will be ordered to verify his current prison

2  identification number at the California Department of Corrections and Rehabilitation ("CDCR")

3  as well as any past inmate identification numbers he has been assigned and/or used.  He must do

4  so within fourteen days.

5    In addition, Plaintiff will be ordered to show cause why his application to proceed in

6  forma pauperis should not be denied and he be required to pay the filing fee in full, consistent

7  with 28 U.S.C. § 1915(g).  As an alternative to filing the showing of cause, Plaintiff may either:

8  (1) pay the filing fee in full, or (2) voluntarily dismiss this matter.  Plaintiff will be given fourteen

9  days as well to take one of these three courses of action.

10    I.    PRELIMINARY IDENTIFICATION ISSUE

11    In the complaint, Plaintiff has identified himself as "Darryl Johnson" who is currently

12  incarcerated at California State Prison – Solano, and who has a California Department of

13  Corrections and Rehabilitation ("CDCR") identification number of "T52858."  See ECF No. 1 at

14  1 (case caption of complaint).  A search of the CDCR's database yields no results for a "Darryl

15  Johnson" with a prison identification number of "T52858."  See

16  https://ciris.mt.cdcr.ca.gov/results?lastName=johnson&firstName=darrylindicates (last visited

17  7/28/25).  Nor are there inmates named "Darryl Johnson" in the CDCR's inmate locator database

18  who are incarcerated at CSP-Solano.  See id. (indicating none of three CDCR inmates named

19  "Darryl Johnson" are incarcerated at CSP-Solano).  Finally, a search solely for the prison

20  identification number of "T52858" in the CDCR's database does not yield any currently

21  incarcerated individual with that identification number.  See

22  https://ciris.mt.cdcr.ca.gov/results?cdcrNumber=T52858 (last visited 7/28/25).

23    There is, however, a "Darrell Eugene Johnson" who is incarcerated at CSP-Solano.  That

24  person has a CDCR identification number of "AX6100."  See

25  https://ciris.mt.cdcr.ca.gov/results?lastName=johnson&firstName=darrell (last visited 7/28/25).

26  The Clerk of Court has assumed that this is Plaintiff, and it has added the "AX6100" prison

27  identification number to Plaintiff's complaint and to the case caption of the docket.  If Plaintiff's

28

2

1    CDCR identification number is not "AX6100," he must inform the Court immediately and inform

2    the Court what his correct CDCR identification number is.

3         II.    IN FORMA PAUPERIS STATUS

4         "[In forma pauperis] status is not a constitutional right."  Rodriguez v. Cook, 169 F.3d

5    1176, 1180 (9th Cir. 1999) (brackets added); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965)

6    ("To proceed in forma pauperis is a privilege not a right.").  An inmate's in forma pauperis status

7    may be revoked at any time if the court, either sua sponte or on a motion, determines that the

8    status was improvidently granted.  Keeton v. Marshall, No. CV 17-01213 FMO (KS), 2018 WL

9    4381543, at *6 (C.D. Cal. June 8, 2018) (citation omitted) (italics added); Owens v. Matthews,

10   No. CV 16-07755 JFW (KS), 2017 WL 603183, at *2 (C.D. Cal. Jan. 6, 2017) (stating same).

11   The grant or refusal of permission to proceed in forma pauperis is left to the sound discretion of

12   the district court.  Smart, 347 F.2d 114, 116 (9th Cir. 1963) (citing Weller v. Dickson, 314 F.2d

13   598 (9th Cir. 1963)).  The latitude given a district court in such matters is especially broad in civil

14   actions by prisoners against their wardens and other officials.  Smart, 347 F.2d at 116 (footnote

15   citation omitted); Shobe v. People of State of California, 362 F.2d 545, 546 (9th Cir. 1966) (citing

16   Smart).

17        III.    THREE STRIKES RULE:  28 U.S.C. § 1915(g)

18        28 U.S.C. § 1915(g) states:

19

20        In no event shall a prisoner bring a civil action or appeal a judgment in a civil action
          or proceeding under this section if the prisoner has, on 3 or more prior occasions,
21        while incarcerated or detained in any facility, brought an action or appeal in a court
          of the United States that was dismissed on the grounds that it is frivolous, malicious,
22        or fails to state a claim upon which relief may be granted, unless the prisoner is
          under imminent danger of serious physical injury.
23

24        "It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court

25   looks to the dismissing court's action and the reasons underlying it."  Knapp v. Hogan, 738 F.3d

26   1106, 1109 (9th Cir. 2013) (brackets added) (emphasis added) (citation omitted).  "[Section]

27   1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful

28

evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, the plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998); Lipsey v. Allison, No. 1:21-cv-00912 GSA, 2021 WL 2390424, at *3 (E.D. Cal. June 11, 2021) ("The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.").

The danger faced by a prisoner at the time of filing must be imminent or ongoing. See, e.g., Medberry, 185 F.3d at 1193 (finding plaintiff was not in either imminent or ongoing danger and denying him ability to proceed in forma pauperis as three strikes litigant). "Imminent danger of serious physical injury must be a real and present threat, not merely speculative or

hypothetical." Lipsey, 2012 WL 2390424, at *3; Blackman v. Mjening, No. 1:16-cv-01421 LJO GSA, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  In addition, "the imminent danger exception to the [Prison Litigation Reform Act's] three strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022) (brackets added).

## IV.   PLAINTIFF'S THREE STRIKES STATUS

A review of court records reveals that at least three cases brought by Plaintiff qualify as strikes under Section 1915(g).  The Court takes judicial notice of the following lawsuits[1] previously filed by Plaintiff and dismissed on grounds listed in Section 1915(g) *prior* to him bringing the instant matter:

- Johnson v. Davey, No. 1:17-cv-01257 LJO BAM (E.D. Cal. Oct. 11, 2018) (dismissed for failure to state a claim);

- Johnson v. Doe, No. 3:22-cv-00264 JD (N.D. Cal. Mar. 7, 2022) ("Doe") (dismissed as duplicative and frivolous in light of multiple complaints filed with same allegation);

- Johnson v. State of California Dep't of Corr. & Rehab., No. 2:21-cv-02348 WBS DMC (E.D. Cal. Aug. 31, 2023) (dismissed for failure to state a claim), and

- Johnson v. Gastelo, No. 2:20-cv-08900 VBF SP (C.D. Cal. Mar. 18, 2024) (dismissed after initial dismissal on failure to state claim grounds, and leave to amend was simultaneously granted, but Plaintiff then failed to amend).[2]

The Court notes that at the time that Plaintiff's Doe case was dismissed (Johnson v Doe), Plaintiff was in the custody of the San Mateo County Sheriff and incarcerated at the Maple Street

---

[1]  A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2]  "[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) (brackets added).

Correctional Center, located in Redwood City, CA.  See Doe, ECF No. 1 at 1; <u>see also</u> <u>Doe</u>, case caption of docket.  At that time, Plaintiff's inmate identification number was:  "1099468."  <u>See id.</u> Plaintiff will be ordered to verify whether he was assigned the "1099468" identification number while in jail.

V.    <u>DISCUSSION</u>

A.  <u>Case Brought After Three Strikes Accrued</u>

Plaintiff signed the complaint on July 20, 2025,[3] and it was docketed in this Court on July 22, 2025.  <u>See</u> ECF No. 1 at 1, 18.  July 20, 2025, is <u>after</u> the three strikes cases identified above had been fully adjudicated.

Because the above-referenced strike cases were dismissed on Section 1915(g) grounds <u>before</u> the instant matter was brought before the Court, as a three strikes litigant, Plaintiff was required to pay the filing fee in full for this matter prior to proceeding in it <u>unless</u>, at the time that he brought it on July 20, 2025, he alleged an adequate showing that he was in imminent danger of serious physical harm.  <u>See</u> 28 U.S.C. § 1915(g) (serious physical harm requirement).

B.  <u>No Imminent Danger Alleged in Instant Matter</u>

A review of the complaint indicates that Plaintiff does not make any plausible allegations that he was in imminent danger of serious physical harm at the time that he filed it this month. <u>See</u> <u>generally</u> ECF No. 1.  Plaintiff alleges that in August of 2022, when he was sent to the North Kern Reception Center, he told prison medical staff that he could not be incarcerated at that particular prison because he "was high risk medical" and "mentally impaired."  <u>See</u> ECF No. 1 at 8 (Claim One).  He asserts that his medical conditions made him more susceptible to infections and that after being made to reside at North Kern Reception Center he suffered injuries, including injuries to his toes and foot due to a cocci fungus infection.  <u>See</u> <u>generally</u> <u>id.</u> at 8-15.  He states that he has since been transferred to "Solono Medical Fac" where he states that he is currently

---

[3]  The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule. <u>See</u> <u>Roberts v. Marshall</u>, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for prisoner giving pleading to prison authorities is date pleading is signed); <u>Jenkins v. Johnson</u>, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), <u>overruled on other grounds by</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005).

1    incarcerated, however he does not state when he was transferred.

2        Importantly though, because the alleged events giving rise to Plaintiff's claims occurred

3    while he was housed at North Kern Reception Center, and none arising from the conditions where

4    he is presently housed at Solono State Prison,  he  has not shown that he was in imminent danger

5    of serious physical harm at the time he filed the instant complaint as  the availability of the

6    imminent danger exception "turns on the conditions a prisoner faced at the time the complaint

7    was filed, not at some earlier or later time." Andrews v. Cervantes 493 F.3d 1047 at 1053, 1056;

8    Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003).…"

9                    C.  Plaintiff Is Required to Pay Filing Fee in Full First

10       Because Plaintiff was a three strikes litigant when he filed the instant case, and he has not

11   demonstrated that he was in imminent danger of serious physical harm when he did so, Section

12   1915(g) precludes him from proceeding any further with this matter prior to him first paying the

13   filing fee for it in full.  See 28 U.S.C. § 1915(g).  Prior to ordering him to do so, however,

14   Plaintiff will first be directed to show cause why he is not a three strikes litigant within the

15   meaning of Section 1915(g) and why his application to proceed in forma pauperis (see ECF No.

16   2) should not be denied as a result.  In the alternative, Plaintiff may either pay the filing fee in full

17   or voluntarily dismiss this matter.  Plaintiff will be given fourteen days to take one of these three

18   courses of action.

19       VI.  CONCLUSION

20       There is considerable confusion regarding Plaintiff's correct CDCR identification number

21   and the legally correct spelling of Plaintiff's name.  As a result, Plaintiff will be ordered to verify

22   his correct name and prison ID number. In addition, Plaintiff will be ordered to verify whether he

23   was ever assigned the inmate identification number "1099468."  He will have fourteen days to do

24   both.

25       Plaintiff has requested leave to proceed in forma pauperis.  ECF No. 2.  Prior to bringing

26   this matter before the Court, however, it appears Plaintiff had accumulated at least three strikes in

27   previous cases within the meaning of 28 U.S.C. § 1915(g).  In addition, a review of his instant

28   complaint indicates that he has not alleged any claims of imminent danger of serious physical

7

harm at the time that he filed the complaint on July 20, 2025.  See generally ECF No. 1.  For these reasons, Plaintiff is required under Section 1915(g) to pay the filing fee in full in this case before proceeding any further with it.

Prior to ordering Plaintiff to pay the filing fee in full, Plaintiff will first be ordered to show cause why his in forma pauperis application should not be denied and instead he be required to pay the filing fee in full in this case.  As an alternative to filing showing of cause, however, Plaintiff may either pay the filing fee in full, or he may voluntarily dismiss the matter pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  Plaintiff will be given fourteen days to take one of these three courses of action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is ordered to formally VERIFY with the Court:

a. What his correct full name is and  what his CURRENT prison identification number  is with the California Department of Corrections, and

b. Whether he has ever been ASSIGNED the inmate identification number "1099468";

2. Plaintiff is ordered to SHOW CAUSE why his application to proceed in forma pauperis (ECF No. 2) should not be DENIED in light of his three strikes litigant status.  See 28 U.S.C. § 1915(g);

3. As an ALTERNATIVE to filing the showing of cause, Plaintiff may either:

a. PAY the filing fee IN FULL, or

b. VOLUNTARILY DISMISS this matter.  See Fed. R. Civ. P. 41(a)(1)(A)(i).

4. Plaintiff shall have fourteen days to comply with this order in its entirety.

**Plaintiff is cautioned that failure to comply fully with this order within the time allotted may result in a recommendation that this matter be dism**issed.

IT IS SO ORDERED.

Dated:   **July 29, 2025**              **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

8