UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL EUGENE JOHNSON, A.K.A. DARRYL E. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CALIF. CORRECTIONAL HEALTH CARE SERVICES, et al.<br><br>Defendants. | No. 1:25-cv-00921 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING:<br><br>(1) PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED CONSISTENT WITH 28 U.S.C. § 1915(G) (ECF No. 2), AND<br><br>(2) PLAINTIFF BE REQUIRED TO PAY THE FILING FEE IN FULL PRIOR TO PROCEEDING ANY FURTHER WITH THIS ACTION<br><br>PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2, 10. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below the undersigned will recommend that Plaintiff's application to proceed in forma pauperis be denied consistent with 28 U.S.C. § 1915(g), and that he be

1

1  required to pay the filing fee in full prior to proceeding any further with this action. Plaintiff will
2  be given fourteen days to file objections to this order.

3       I.    RELEVANT FACTS

4          A.  Filing of Complaint

5  On July 22, 2025, Plaintiff's complaint and his application to proceed in forma pauperis
6  were docketed in the Sacramento Division. ECF Nos. 1, 2. Shortly thereafter, on July 28, 2025,
7  the matter was transferred to this division. ECF No. 6. The same day, Plaintiff's six-month
8  prison trust fund account statement was docketed. ECF No. 10. Thus, Plaintiff's application to
9  proceed in forma pauperis is complete.

10         B.  Discrepancies with Plaintiff's True Name and Prison Identification Number

11 On July 29, 2025, the Court reviewed Plaintiff's instant complaint as well as the cases that
12 Plaintiff had previously filed with Court. In so doing, it noted that on Plaintiff's instant complaint
13 he stated to the Court that his name was "Darryl Johnson"; that his prisoner ID number was, "T-
14 52858," and that was incarcerated at California State Prison – Solano ("CSP-Solano"). See ECF
15 No. 1 at 1 (case caption of Plaintiff's complaint): see also ECF No. 9 at 2 (Court's order
16 remarking same). The Court noted, however, that a search of the California Department of
17 Correction and Rehabilitation's inmate search database yielded: (1) no inmates named "Darryl
18 Johnson" with a prisoner ID number of "T-52858"; (2) no inmates named "Darryl Johnson" were
19 were incarcerated at CSP-Solano, and (3) no individual currently incarcerated in the CDCR's
20 system had a prisoner ID number of T-52858. ECF No. 9 at 2. The Court further noted that there
21 was, however, a prisoner in the CDCR's system with the name of "Darrell Eugene Johnson" who
22 was currently incarcerated at CSP-Solano. Id. That individual had a prisoner ID number of "AX-
23 6100."

24         C.  Order Directing Plaintiff to Provide All Past Identification Numbers and to Show
25            Cause

26 Based on these findings, the "AX-6100" prisoner ID number was added to the docket in
27 this case. See ECF No. 9 at 2-3. In addition, because the "AX-6100" identification number and
28 the name "Darrell Eugene Johnson" were collectively tied to four strikes in the Court's database,

1  Plaintiff was ordered to inform the Court what his correct prisoner ID number was. Id. Plaintiff
2  was given fourteen days to comply with the Court's order. Id.

   D. Plaintiff's Showing of Cause

4  In Plaintiff's showing of cause, he verified that his current prisoner ID number is "AX-
5  6100." ECF No. 12 at 1. He also confirms that the spelling of his true name is "Darrell Eugene
6  Johnson."[1] Id. Plaintiff provides all his past CDCR prisoner identification numbers, one of
7  which, he states was "T-52858." Id. He also admits that at one point, he was incarcerated in the
8  San Mateo County Jail. Id. He cannot, however, remember what his inmate ID number was
9  while he was being held there. Id.

10  Plaintiff appears to assert that these errors in his complaint were due to the fact that he is
11 in the prison's Mental Health System Delivery Program and that he takes "psych" medication that
12 alter his thoughts and actions; that he cannot afford a lawyer; that he has an ADA helper; and, that
13 he has a hard time comprehending or understanding and is mentally impaired. ECF No. 12 at 1.
14 As a result, Plaintiff states he sometimes is unaware of what he has done until later. Id.

15  Plaintiff does not deny that he is the correct individual in the four cases that constitute
16 strikes. See generally ECF No. 12. He simply asks the Court to allow him to proceed in forma
17 pauperis because he cannot afford an attorney; he uses an Americans With Disabilities Act
18 helper; and, that he has a hard time comprehending things or understanding them.

19  II.  IN FORMA PAUPERIS STATUS

20  "[In forma pauperis] status is not a constitutional right." Rodriguez v. Cook, 169 F.3d
21 1176, 1180 (9th Cir. 1999) (brackets added); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965)
22 ("To proceed in forma pauperis is a privilege not a right."). An inmate's in forma pauperis status
23 may be revoked *at any time* if the court, either sua sponte or on a motion, determines that the
24 status was improvidently granted. Keeton v. Marshall, No. CV 17-01213 FMO (KS), 2018 WL
25 4381543, at *6 (C.D. Cal. June 8, 2018) (citation omitted) (italics added); Owens v. Matthews,

---

[1] In the showing of cause, Plaintiff states that he used the name "Darryl E. Johnson" on the instant complaint because when he was incarcerated at the San Mateo County Jail, that is how they spelled his name. ECF No. 12 at 1. As a result, he used it for a long time because the jail was using it. Id.

3

No. CV 16-07755 JFW (KS), 2017 WL 603183, at *2 (C.D. Cal. Jan. 6, 2017) (stating same). The grant or refusal of permission to proceed in forma pauperis is left to the sound discretion of the district court. Smart, 347 F.2d 114, 116 (9th Cir. 1963) (citing Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963)). The latitude given a district court in such matters is especially broad in civil actions by prisoners against their wardens and other officials. Smart, 347 F.2d at 116 (footnote citation omitted); Shobe v. People of State of California, 362 F.2d 545, 546 (9th Cir. 1966) (citing Smart).

### III. THREE STRIKES RULE: 28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action *and the reasons underlying it*." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (emphasis added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it

4

fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, the plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998); Lipsey v. Allison, No. 1:21-cv-00912 GSA, 2021 WL 2390424, at *3 (E.D. Cal. June 11, 2021) ("The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.").

The danger faced by a prisoner at the time of filing must be imminent or ongoing. See, e.g., Medberry, 185 F.3d at 1193 (finding plaintiff was not in either imminent or ongoing danger and denying him ability to proceed in forma pauperis as three strikes litigant). "Imminent danger of serious physical injury must be a real and present threat, not merely speculative or hypothetical." Lipsey, 2012 WL 2390424, at *3; Blackman v. Mjening, No. 1:16-cv-01421 LJO GSA, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). In addition, "the imminent danger exception to the [Prison Litigation Reform Act's] three strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022) (brackets added).

IV.   PLAINTIFF'S THREE STRIKES STATUS

A review of court records reveals that at least three cases brought by Plaintiff qualify as

5

strikes under Section 1915(g).  The Court takes judicial notice of the following lawsuits[2] previously filed by Plaintiff and dismissed on grounds listed in Section 1915(g) *prior* to him bringing the instant matter:

- Johnson v. Davey, No. 1:17-cv-01257 LJO BAM (E.D. Cal. Oct. 11, 2018) (dismissed for failure to state a claim);
- Johnson v. Doe, No. 3:22-cv-00264 JD (N.D. Cal. Mar. 7, 2022) ("Doe") (dismissed as duplicative and frivolous in light of multiple complaints filed with same allegation);
- Johnson v. State of California Dep't of Corr. & Rehab., No. 2:21-cv-02348 WBS DMC (E.D. Cal. Aug. 31, 2023) (dismissed for failure to state a claim), and
- Johnson v. Gastelo, No. 2:20-cv-08900 VBF SP (C.D. Cal. Mar. 18, 2024) (dismissed after initial dismissal on failure to state claim grounds, and leave to amend was simultaneously granted, but Plaintiff then failed to amend).[3]

The Court notes for the record that in the Doe case, Plaintiff uses his true name, "Darrell Eugene Johnson."  See Doe, ECF No. 1 at 1 (case caption of complaint).  In that case, Plaintiff also states that at the time that he filed that complaint he was incarcerated at the San Mateo County Jail, and that his inmate ID number was, "1099468."  Id.  Based on these facts, coupled with the fact that in the showing of cause, Plaintiff does not deny that the Doe matter – which is a strike – is his case, the Court stands on its initial finding that it is his case.

V. DISCUSSION

A. Case Brought After Three Strikes Accrued

Plaintiff signed the complaint on July 20, 2025,[4] and it was docketed in this Court on July

---

[2] A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[3] "[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)."  Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) (brackets added).

[4] The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule.

22, 2025. See ECF No. 1 at 1, 18. July 20, 2025, is after the three strikes cases identified above had been fully adjudicated.

Because the above-referenced strike cases were dismissed on Section 1915(g) grounds before the instant matter was brought before the Court, as a three strikes litigant, Plaintiff was required to pay the filing fee in full for this matter prior to proceeding in it unless, at the time that he brought it on July 20, 2025, he alleged an adequate showing that he was in imminent danger of serious physical harm. See 28 U.S.C. § 1915(g) (serious physical harm requirement).

### B. No Imminent Danger Alleged in Instant Matter

A review of the complaint indicates that Plaintiff does not make a plausible allegation that he was in imminent danger of serious physical harm at the time that he filed it this month. See generally ECF No. 1. Plaintiff simply alleges that in August of 2022, when he was sent to the North Kern Reception Center, he told prison medical staff that he could not be incarcerated at that particular prison because he "was high risk medical." See ECF No. 1 at 8 (Claim One). He further asserts that his medical conditions made him more susceptible to infections. See generally id. at 8-15. *Importantly, at the time Plaintiff filed the instant compliant he was no longer housed at North Kern Reception Center, but rather at Solano State Prison.* In sum, neither the content of these allegations, nor when the alleged events occurred, show that when Plaintiff filed the instant complaint on July 20, 2025, he was in imminent danger of serious physical harm.

### C. Plaintiff Is Required to Pay Filing Fee in Full First

Because Plaintiff was a three strikes litigant when he filed the instant case, and he has not demonstrated that he was in imminent danger of serious physical harm when he did so, Section 1915(g) precludes him from proceeding any further with this matter prior to him first paying the filing fee for it in full. See 28 U.S.C. § 1915(g). For these reasons, the undersigned will recommend that Plaintiff's application to proceed in forma pauperis be denied and that he be required to pay the filing fee in full prior to proceeding any further with this action. Plaintiff will

---

See Roberts v. Marshall, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for prisoner giving pleading to prison authorities is date pleading is signed); Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).

be given fourteen days to file objections to this order.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED and that he be required to pay the filing fee in full prior to proceeding any further with this matter.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections.  To the extent that Plaintiff wishes to refer to any exhibit, when possible, Plaintiff must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  Plaintiff's failure to file objections within the specified time may result in the waiver of certain rights on appeal.  See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 27, 2025**                    **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE