# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL EUGENE JOHNSON, | Case No.: 1:25-cv-0921 JLT EPG |
| Plaintiff, | ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PAY THE FILING FEE |
| v. | |
| CALIF. CORRECTIONAL HEALTH CARE SERVICES, et al., | (Doc. 17) |
| Defendants. | |

On November 14, 2025, the Court ordered Plaintiff to pay the filing fee within thirty days of service of the order after concluding that he was not entitled to proceed *in forma pauperis* in this matter. (Doc. 17.) The Court warned Plaintiff that, if he failed to pay the filing fee as ordered, this would result in dismissal of this action. (*Id.* at 2.) However, Plaintiff has failed to timely pay the filing fee.

Without payment, the action cannot proceed. *See Saddozai v. Davis*, 35 F.4th 705, 709 (9th Cir. 2022). Dismissal of this action is therefore appropriate. In reaching this conclusion, the Court has considered the factors outlined by the Ninth Circuit for terminating sanctions, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The public's interest in expeditiously resolving this litigation and the Court's interest

in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Because Plaintiff delayed the action though his failure to obey the Court's order to pay the filing fee, the third factor also supports dismissal. Finally, the Court's warning to Plaintiff that the matter could be dismissed satisfies the requirement of considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. Consequently, the *Henderson* factors weigh in favor of dismissal for Plaintiff's failure to pay the filing fee as ordered. *Malone v. U.S. Postal Service*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors"). Thus, the Court **ORDERS**:

1. Plaintiff's complaint is **DISMISSED** without prejudice.
2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 26, 2025**

UNITED STATES DISTRICT JUDGE